# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL CURTIS PEMBERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-966-D |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Plaintiff's Motion to Reconsider [Doc. No. 23], asking the Court to reconsider its November 23, 2010 Order [Doc. No. 22] ("November Order"). Also before the Court is Plaintiff's Objection [Doc. No. 24] to the denial of his request for a contempt order. Because the motions are related, both are addressed herein.

In the November Order, the Court denied Plaintiff's request for review of United States Magistrate Judge Valerie K. Couch's Order [Doc. No. 13], in which she denied as moot Plaintiff's motion seeking an order of contempt for failure to release funds from his prison account to satisfy the partial filing fee in this case. As explained in the November Order, the funds were released, and the partial filing fee requirement was satisfied. Accordingly, Plaintiff suffered no detriment, and there is no basis for an order of contempt or any other action against the Defendants.

Plaintiff's Motion to Reconsider [Doc. No. 23] is DENIED. Motions to reconsider are generally not recognized by the Federal Rules of Civil Procedure. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff, however, asks the Court to grant relief pursuant to Fed. R. Civ. P. 60(b)(3). Rule 60(b) authorizes a party to seek relief from a "final judgment, order or proceeding" on several listed grounds; the only ground cited by Plaintiff is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

Fed. R. Civ. P. 60(b)(3).

Plaintiff offers no argument that could form the basis for relief pursuant to Rule 60(b)(3). The Order from which he seeks relief was not a final judgment, order or proceeding; it was limited to a determination that his request for a contempt order was moot. Plaintiff offers no argument or authority which could warrant relief under Rule 60(b)(3); he merely reasserts the arguments previously raised, and rejected by the Court, in the November Order.

Plaintiff's objection [Doc. No. 24] is also another reassertion of the arguments previously rejected by the Court in its November Order. To the extent Plaintiff seeks relief in the objection [Doc. No. 24], his request is DENIED. Other matters in this case remain under referral to United States Magistrate Judge Valerie K. Couch.

IT IS SO ORDERED this 5th day of January, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE