## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL CURTIS PEMBERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-966-D |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **O R D E R**

In this action, Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks relief pursuant to 42 U. S. C. § 1983. In accordance with 28 U. S. C. § 636(b)(1)(B), the action was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings

On January 24, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 33] in which she addressed the merits of the Amended Complaint as well as the disposition of nine motions filed by Plaintiff during the pendency of this action. In addition to those motions, the Magistrate Judge had previously ruled on several other motions filed by Plaintiff; this Court has also issued two interim Orders [Doc. Nos. 22 and 29] addressing Plaintiff's attempts to challenge the Magistrate Judge's previous rulings; the Court's Orders denied Plaintiff's motions. In the Report and Recommendation, the Magistrate Judge recommended that the Amended Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted,[1] that all pending

---

[1] Pursuant to 28 U. S. C. § 1915(e)(2)(B)(ii), dismissal of a complaint filed *in forma pauperis* is proper where the required initial review establishes the complaint fails to state a claim for relief. Moreover, a court may dismiss a complaint *sua sponte* "'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Justice v. Oklahoma Dept. of Human Services Child Welfare,* 122 F. App'x. 938, 940 (10th Cir. 2004) (unpublished opinion) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)). A "*sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Curley v. Perry*, 246 F. 3d 1278, 1284 (10th Cir.2001).

motions be denied, and that dismissal of the Amended Complaint count as a "prior occasion" or "strike" pursuant to 28 U. S. C. § 1915(g).

On February 3, 2011, Plaintiff timely filed an objection to the current Report and Recommendation. That objection was, however, preceded by yet another motion [Doc. No. 34] in which Plaintiff sought to "supplement" the Amended Complaint filed herein. In addition, since filing his objection to the Report and Recommendation, Plaintiff has filed six additional motions [Doc. Nos. 34, 36, 37, 45, 46, and 49], and has submitted correspondence to the Court.

Because Plaintiff timely objected to the Report and Recommendation, the matters addressed therein are reviewed *de novo*. In addition, the Court includes in this Order its rulings on the motions filed by Plaintiff since the January 24, 2011 Report and Recommendation.

Plaintiff's Amended Complaint alleges constitutional rights violations which he contends occurred at two correctional facilities: Mack Alford Correctional Center ("MACC") and the Oklahoma State Reformatory ("OSR"); he names as defendants officials of both facilities, along with the Director of the Oklahoma Department of Corrections ("DOC"), Justin Jones. In addition, he lists as defendants the State of Oklahoma, the DOC, and the two correctional facilities. The individual defendants are sued in both their official and individual capacities.

As explained in the Report and Recommendation, Plaintiff's Amended Complaint contains an extensive list of the alleged constitutional violations, ranging from purported restrictions on his ability to file legal pleadings and grievances to coercive measures in which he was allegedly forced to drink contaminated water, resulting in a tumor which was surgically removed, housed with violent gang members, and subjected to freezing temperatures and unsanitary toilet facilities. He also alleges his legal mail has been opened without his permission, and his use of the law library has been

restricted. The specific allegations are quoted at page 3 of the Report and Recommendation and need not be repeated herein. As the Magistrate Judge noted, many of the "counts" set out in the Amended Complaint are repetitious allegations which do not cite a constitutional right which has been allegedly violated.

However, at pages 4 through 7 of the Report and Recommendation, the Magistrate Judge addressed in detail those contentions which are based on Plaintiff's identification of constitutional rights. That recitation accurately reflects the allegations in the Amended Complaint, and is adopted as though fully set forth herein. The Magistrate Judge then analyzed each of the claims as asserted against the named defendants.

Initially, the Magistrate Judge correctly concluded that Plaintiff's claims against the State of Oklahoma and DOC must be dismissed because a state and its agencies are not "persons" subject to § 1983 liability, and claims arising under § 1983 can only be directed at "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, states and their agencies are entitled to sovereign immunity pursuant to the Eleventh Amendment; Oklahoma has not waived its sovereign immunity defense in federal court actions brought pursuant to § 1983. *See, e.g., Ramirez v. Oklahoma Dep't of Mental Health*, 41 F. 3d 584, 589 (10th Cir. 1984). This Court may raise the issue of Eleventh Amendment immunity *sua sponte*. *Nelson v. Geringer*, 295 F. 3d 1082, 1098 n.16 (10th Cir. 2002).

The Magistrate Judge correctly determined that, as a matter of law, Plaintiff's claims against the State of Oklahoma and the DOC must be dismissed with prejudice because any attempt to amend to assert claims against these entities would be futile.

With respect to the claims against MACC and OSR, the Magistrate Judge also correctly concluded that dismissal is required because both lack a legal identity separate from the state. These facilities are not "persons" within the meaning of § 1983, and cannot be sued under the statute. The majority of courts considering a detention facility's capacity to be sued have concluded that such capacity is lacking. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E. D. Tex. 1994) and other court decisions cited by the Magistrate Judge. Report and Recommendation, p. 10 n. 4. Dismissal with prejudice is proper as to these defendants.

Plaintiff's claims against Justin Jones must also be dismissed. Plaintiff alleges that, as Director of the DOC, he is the supervisor of all employees in the DOC facilities in Oklahoma, and Plaintiff alleges he has failed to adequately supervise those employees. However, as explained in the Report and Recommendation, to state a § 1983 claim for relief against a supervisor, a plaintiff must plead that he personally participated in the alleged constitutional violation; § 1983 liability cannot be based on a theory of respondeat superior. *Ashcroft v. Iqbal,* __ U.S. __, 129 S. Ct. 1937, 1948 (2009); *Dodds v. Richardson*, 614 . 3d 1185, 1194-96 (10th Cir. 2010). Instead, a plaintiff must allege facts to show a deliberate, intentional act by the supervisor to violate his rights. *Jenkins v. Wood*, 81 F. 3d 988, 994-95 (10th Cir. 1996). Plaintiff has failed to allege facts to satisfy the § 1983 pleading requirements against Defendant Jones, and this claim is dismissed without prejudice to the filing of a properly drafted claim.

As the Magistrate Judge concluded, the claims against the counties of Atoka and Greer must also be dismissed without prejudice. Initially, as noted in the Report and Recommendation, Plaintiff has failed to properly name these defendants, as the Oklahoma statutes require claims against a county to be asserted against its Board of County Commissioners. Okla. Stat. tit. 19 § 4. In any

4

event, however, Plaintiff's allegations against these entities are deficient. A county is not liable under § 1983 for the unauthorized acts of its agents, and its liability is limited to actions taken pursuant to an official policy. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). A plaintiff must plead facts to show the existence of such a policy, as well as a causal connection between the action and the deprivation of constitutional rights. *Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997).

Because Plaintiff has failed to allege any of the facts essential to a § 1983 claim for relief against a county, his claims must be dismissed for failure to state a claim upon which relief may be granted. However, dismissal of these claims is without prejudice to the filing of a new action.

The balance of the Report and Recommendation discusses each of the factual bases alleged by Plaintiff in support of his constitutional rights violation claims. With respect to his contention that the prison disciplinary procedure is unconstitutional, the Magistrate Judge correctly determined Plaintiff has failed to allege any facts to support this contention, and provides only conclusory allegations. This claim is properly dismissed without prejudice.

Plaintiff's challenges regarding the prison grievance procedures at MACC and OSR are lengthy and involve numerous named defendants. As the Magistrate Judge pointed out, Plaintiff devotes over thirty pages of his Amended Complaint to such contentions, and the Report and Recommendation discusses these in detail at pages 14 through 17. That discussion need not be repeated, but is adopted as though fully set forth herein. These allegations do not state a claim for § 1983 relief; furthermore, Plaintiff cannot state such a claim because prison grievance procedures do not create a protected liberty interest and do not implicate his due process rights. *See, e.g., Murray v. Albany County Board of County Commissioners*, 2000 WL 472842, at *2 (10th Cir. April

5

20, 2000) (unpublished opinion). Accordingly, this claim must be denied with prejudice because it cannot be asserted as a matter of law in the context of a § 1983 claim for relief.

Similarly, the Magistrate Judge correctly concluded the Court must dismiss Plaintiff's claim regarding his purported removal from voluntary prison programs. Plaintiff's allegations consist only of conclusory contentions based on his belief rather than on facts; furthermore, an inmate has no constitutional right to participate in voluntary prison programs. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). These claims, asserted against Defendant David Wortham, must be dismissed with prejudice for the reasons set out in detail in the Report and Recommendation at pages 17 and 18.

Also asserted against Defendant Wortham are numerous claims that he violated Plaintiff's rights by reading his mail and by housing him with an incompatible cell mate. Plaintiff appears to contend that Defendant Wortham discriminated against him on the basis of his race and his personal beliefs. However, he does not allege facts sufficient to state a claim for relief on this basis, nor does he allege the contentions essential to a claim of Eighth Amendment deliberate indifference. These claims are dismissed without prejudice.

Plaintiff's claim of retaliatory conduct, including transfers, is deficient because it is asserted against unnamed individuals and asserts only conclusory contentions. Such contentions are insufficient to state a plausible claim for relief, and are dismissed without prejudice.

In an additional claim asserting Eighth Amendment violations based on his conditions of confinement, Plaintiff contends he was forced to drink contaminated water at MACC, that his toilet conditions were unsanitary at OSR because the water was turned off during a lockdown, that he was intentionally housed with known enemies at OSR, and that he was deprived of adequate medical care at both MACC and OSR. For the detailed reasons provided at pages 21 through 25 of the

Report and Recommendation, the Court agrees that these allegations are insufficient to state a plausible claim for relief based on the Eighth Amendment. These claims are dismissed without prejudice.

Plaintiff next alleges his Sixth Amendment right of access to the courts has been denied at both MACC and OSR because his legal mail has been opened and read, and legal mail has been delayed by prison officials. He also contends his access to the law library has been restricted. As the Magistrate Judge correctly explained, a denial of Sixth Amendment rights requires a plaintiff to allege actual injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996). Plaintiff has failed to do so in this case, and his claim is dismissed without prejudice.

Plaintiff also asserts claims regarding the handling of his prison trust account; these are asserted against his caseworker, Defendant Wall, and Defendant Ouida Nickell. The record in this case reflects that Plaintiff sought injunctive relief and an order of contempt requiring the release of funds required for payment of a partial filing fee in this case. However, as this Court concluded in a previous Order addressing this contention [Doc. No. 22], the funds were paid as directed, and there was no basis for the relief requested by Plaintiff. Plaintiff also contends, however, that these two defendants have allegedly deducted money from his account for payments he contends were not owed. As the Magistrate Judge concluded, such contentions do not state a claim for the deprivation of due process so long as post-deprivation remedies are available. *See Winters v. Board of County Commissioners*, 4 F. 3d 848, 857 (10th Cir. 1993). Plaintiff has such remedies under Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit 51 § 151 et seq., and he may pursue the same by following the procedures set forth in the Act. Accordingly, Plaintiff cannot state a claim for a violation of his due process rights on this basis, and that claim is dismissed without prejudice.

The Magistrate Judge noted that, with respect to his federal constitutional rights claims discussed above, Plaintiff also asserted these same contentions constitute violations of the Oklahoma constitution. She recommended that, if the federal claims are dismissed, the state constitutional claims should be dismissed without prejudice. The Court adopts the recommendation.

With respect to the motions pending at the time the Report and Recommendation was filed, the Magistrate Judge recommended denial of the Motion for Appointment of Counsel [Doc. No. 16], the Motion for Preliminary Injunction [Doc. No. 7], Motion for Inclusion of Evidence [Doc. No. 19], Motions to Compel [Doc. Nos. 25 and No. 27], and Motions for hearings on the foregoing motions [Doc. Nos. 21 and 26]. She also recommended the Motion for Grand Jury Investigation [Doc. No. 28] be denied.

Plaintiff's objection to the Report and Recommendation does not contain persuasive argument or authority sufficient to warrant rejection of the findings and recommendations of the Magistrate Judge. Accordingly, the Report and Recommendation [Doc. No. 33] is ADOPTED as though fully set forth herein.

As a result, Plaintiff's claims against the State of Oklahoma, the DOC and the individual defendants in their official capacities are dismissed with prejudice, as are the claims based on prison grievance procedures and removal from a voluntary prison program. The remaining claims are dismissed without prejudice to the filing of a new action, as are the asserted pendent state law claims. This dismissal counts as a "prior occasion" or "strike" pursuant to 28 U. S. C. § 1915 (g).

All pending motions [Doc. Nos. 7, 16, 19, 21, 25, 26, 27, and 28] addressed in the Report and Recommendation are DENIED. The motions filed after the filing of the Report and Recommendation are also DENIED, including the Motion to Supplement [Doc. No. 34], the Motion

8

for an Order for Transcription [Doc. No. 36], the Motion to Amend the Amended Complaint [Doc. No. 37], the Motion for Extension of Time to Serve Summons [Doc. No. 45], a Motion for Leave to File Supplement [Doc. No. 46], and the Motion for Order for Service of Complaint [Doc. No. 49]. The Court need not address the merits of these motions, because all are rendered moot as a result of the adoption of the Report and Recommendation and the dismissal of this case.

IT IS SO ORDERED this 27th day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE