IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| PAUL CURTIS PEMBERTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-966-D |
| JUSTIN JONES, et al., | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Plaintiff's Motion [Doc. No. 55] to Alter or Amend the Judgment. Plaintiff seeks relief from the April 27, 2011 Order [Doc. No. 51] in which the Court adopted the Report and Recommendation of United States Magistrate Judge Valerie K. Couch. As explained in detail in the April 27, 2011 Order, Plaintiff's claims asserted in this 42 U. S. C. § 1983 action were dismissed; certain claims were dismissed with prejudice, while others were dismissed without prejudice to the filing of a new action. Plaintiff's current motion seeks relief from that decision pursuant to Fed. R. Civ. P. 59(e).

Rule 59(e) authorizes a court to grant relief from a judgment under limited circumstances, including: 1) an intervening change in the controlling law; 2) new evidence previously unavailable, or 3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000) (citations omitted). A Rule 59(e) motion is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In this case, Plaintiff does not rely on an intervening change in the controlling law, and he cites no new evidence which was previously unavailable. Instead, he repeats at length the arguments asserted in his previous motions and briefs and in his objection to Judge Couch's Report and

Recommendation. While Plaintiff accuses the Court of misunderstanding his arguments or the legal issues on which he relies, the Court again finds that Judge Couch's extensive discussion of his contentions and the governing law was correct. Plaintiff offers no new argument sufficient to alter the conclusions set forth in the April 27, 2011 Order, and his brief revisits arguments previously asserted and decided in that Order. Accordingly, Plaintiff has failed to present a valid basis for Rule 59(e) relief.

Plaintiff's motion also reflects his apparent belief that the April 27, 2011 Order foreclosed all claims he asserted in this case. That is incorrect. Although this case was dismissed and closed by the April 27, 2011 Order, Plaintiff is reminded that several claims were dismissed without prejudice to his reassertion of those claims in a new lawsuit under appropriate circumstances.

The Court also notes that Plaintiff has filed two additional motions in this closed case. In one motion [Doc. No. 52] he asks the Chief Judge of this Court for a "change of venue" or the transfer of this case to another District Judge. In the second motion [Doc. No. 53], Plaintiff requests a hearing. Those motions [Doc. Nos. 52 and 53] are DENIED as moot. Because the April 27, 2011 Order dismissed this action, including the dismissal without prejudice of some of Plaintiff's clams, there is no case to be transferred to another District Judge. Nor is there any matter on which a hearing could be conducted.

For the foregoing reasons, Plaintiff's motions [Doc. No. 52, 53, and 55] are DENIED.

IT IS SO ORDERED this 10th day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE